

ORIGINAL

**Kenneth R. Davis II**, OSB No. 971132
davisk@lanepowell.com
**Parna A. Mehrbani**, OSB No. 053235
mehrbanip@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Plaintiff Hearthside Food Solutions, LLC

FILED 13 OCT '11 16:14 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CV'11 - 1238 HU

| | |
|---|---|
| **HEARTHSIDE FOOD SOLUTIONS, LLC,** a Delaware Limited Liability Company, | CV No. _____ |
| Plaintiff, | COMPLAINT FOR DECLARATION OF TRADEMARK NON-INFRINGEMENT UNDER LANHAM ACT, 28 U.S.C. § 2201 |
| v. | |
| **BIBIJI INDERJIT KAUR PURI,** | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiff Hearthside Food Solutions, LLC complains and alleges as follows:

**PARTIES**

1.  Plaintiff Hearthside Food Solutions, LLC ("Hearthside"), is a limited liability company organized under the laws of Delaware, with its principal place of business in Illinois.

2.  Defendant Bibiji Inderjit Kaur Puri ("Defendant") is an individual and, upon information and belief, is a citizen and resident of California.

PAGE 1 -  COMPLAINT FOR DECLARATION OF TRADEMARK NON-INFRINGEMENT

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201, as well as 15 U.S.C. §§ 1116 and 1121, as this is a declaratory judgment action with respect to the parties' rights arising under federal trademark law.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

5. Defendant is subject to the personal jurisdiction and venue of this Court at least by virtue of doing business within this judicial district, and by having availed herself of the benefits and protections of the laws of Oregon by commencing litigation within this judicial district.

## FACTS

6. Hearthside is a contract manufacturer of baked goods, primarily grain-based snack foods and cereals. Hearthside is the largest privately-owned bakery in the United States.

7. Hearthside is the owner of the registered trademark, "Peace Cereal" (the "Peace Mark"), which was registered on October 29, 2002, with United States Patent and Trademark Office Registration No. 2642793.

8. Hearthside uses the Peace Mark in commerce on cereal products sold in various markets, grocery stores, supermarkets, and over the internet.

9. Hearthside is the owner of the trademark "Golden Temple" (the "Golden Temple Mark"), which has acquired common law trademark rights. Hearthside uses the Golden Temple Mark in commerce on various baked products, including granola products, sold in various markets, grocery stores, supermarkets, and over the internet.

10. Hearthside is an authorized user of the common law trademark YOGI (the "Yogi Mark"), pursuant to a Trademark License Agreement between Hearthside and Golden Temple of

PAGE 2 -   COMPLAINT FOR DECLARATION OF TRADEMARK NON-INFRINGEMENT

Oregon, LLC dated May 10, 2010. Hearthside is authorized to manufacture, distribute, advertise, promote and sell cereals and granola snacks using the Yogi Mark.

11. Defendant is the widow of Harbhajan Singh Khalsa Yogiji a/k/a Yogi Bhajan.

12. Defendant has asserted that she is the lawful owner of the Yogi Mark, the Peace Mark and the Golden Temple Mark, as an heir of Yogi Bhajan, and has accused Hearthside of infringing her trademark rights by using the Yogi Mark, the Peace Mark, and the Golden Temple Mark on Hearthside products. Defendant has further demanded that Hearthside either enter into licensing agreements with Defendant in order to continue using those marks or that Hearthside discontinue its use of the marks. Defendant informed Hearthside via e-mail that if Hearthside did not meet her settlement demands, she would file suit against Hearthside.

13. Though Hearthside has attempted to resolve this dispute with Defendant through negotiation, those attempts have been unsuccessful and, as a result, an actual case or controversy exists regarding Hearthside's alleged trademark infringement of the Peace Mark, the Golden Temple Mark, and the Yogi Mark.

## COUNT I

### (Declaratory Judgment of Non-Infringement of the Peace Mark)

14. Hearthside repeats and re-alleges each and every allegation contained in paragraphs 1-13, as though fully set forth herein.

15. Hearthside is the legal and rightful owner of the Peace Mark for use on cereal products. As such, Hearthside is entitled to use the Peace Mark as a trademark on its cereal products.

16. Defendant has no rights to the Peace Mark.

17. Hearthside's use of the Peace Mark on its cereal products thus does not constitute trademark infringement.

PAGE 3 -   COMPLAINT FOR DECLARATION OF TRADEMARK NON-INFRINGEMENT

708480.0139/5193443.1

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## COUNT II

**(Declaratory Judgment of Non-Infringement of the Golden Temple Mark)**

18. Hearthside repeats and re-alleges each and every allegation contained in paragraphs 1-13, as though fully set forth herein.

19. Hearthside is the legal and rightful owner of the Golden Temple Mark for use on various products, including granola products. As such, Hearthside is entitled to use the Golden Temple Mark as a trademark on its products.

20. Defendant has no rights to the Golden Temple Mark.

21. Hearthside's use of the Golden Temple Mark on its products thus does not constitute trademark infringement.

## COUNT III

**(Declaratory Judgment of Non-Infringement of the Yogi Mark)**

22. Hearthside repeats and re-alleges each and every allegation contained in paragraphs 1-13, as though fully set forth herein.

23. Hearthside lawfully entered into a Trademark License Agreement with Golden Temple of Oregon, LLC on or about May 10, 2010, which is a valid and enforceable contract.

24. Pursuant to the Trademark License Agreement, Hearthside is an authorized user of the Yogi Mark in connection with its manufacture, distribution, advertisement, promotion and sale of certain cereals and granola snacks.

25. Defendant has no rights to the Yogi Mark.

26. Hearthside's use of the Yogi Mark pursuant to its licensed rights does not constitute trademark infringement.

## COUNT IV

**(Declaratory Judgment as to Damages for the Yogi Mark; In the Alternative to Count III)**

27. Hearthside repeats and re-alleges each and every allegation contained in paragraphs 1-13, as though fully set forth herein.

PAGE 4 - COMPLAINT FOR DECLARATION OF TRADEMARK NON-INFRINGEMENT

28. In the alternative to Count III, and in the event Hearthside is determined to have infringed on Defendant's trademark rights related to the Yogi Mark, Hearthside seeks a declaratory judgment that any damages available to Defendant from Hearthside by virtue of such infringement are limited to royalties that would have been due pursuant to the Nonexclusive Trademark License Agreement between the Harbhajan Singh Khalsa Yogiji and Inderjit Kaur Living Trust and Golden Temple of Oregon, LLC dated both July 26, 2004 and October 1, 2004 (collectively the "2004 Trademark License Agreement"). Upon information and belief, Bibiji Puri is a part-successor in interest to that trust.

29. Pursuant to the 2004 Trademark License Agreement, the Harbhajan Singh Khalsa Yogiji and Inderjit Kaur Living Trust granted Golden Temple of Oregon, LLC a license to use the Yogi Mark and set forth a graduated royalty rate for the Licensed Products (as defined in that agreement), whereby the licensee would pay the licensor 3.5% of Gross Sales (as defined in that agreement) up to $25 million; 0.50% of Gross Sales between $25 million and $50 million; 0.25% of Gross Sales between $50 million and $100 million; and 0.10% of Gross Sales in excess of $100 million.

**WHEREFORE**, Plaintiff respectfully prays for judgment and relief against the Defendant as follows:

**As to Count I:**

a. An order pursuant to 28 U.S.C. § 2201 declaring that Hearthside has not infringed any trademark rights of Defendant by reason of Hearthside's use of the Peace Mark;

b. An order pursuant to 28 U.S.C. § 2201 declaring that Hearthside is the lawful owner of the Peace Mark;

c. An order pursuant to 28 U.S.C. § 2201 declaring that Defendant has no ownership rights in the Peace Mark;

d. An injunction pursuant to 15 U.S.C. § 1116 prohibiting Defendant from holding themselves out as having ownership rights to the Peace Mark;

PAGE 5 - COMPLAINT FOR DECLARATION OF TRADEMARK NON-INFRINGEMENT

e. An award of Hearthside's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(A);

f. An award of Hearthside's costs; and

g. Such other and further relief at law or equity as this Court may deem proper, just, and equitable under the circumstances.

**As to Count II:**

a. An order pursuant to 28 U.S.C. § 2201 declaring that Hearthside has not infringed any trademark rights of Defendant by reason of Hearthside's use of the Golden Temple Mark;

b. An order pursuant to 28 U.S.C. § 2201 declaring that Hearthside is the lawful owner of the Golden Temple Mark;

c. An order pursuant to 28 U.S.C. § 2201 declaring that Defendant has no ownership rights in the Golden Temple Mark;

d. An injunction pursuant to 15 U.S.C. § 1116 prohibiting Defendant from holding herself out as having ownership rights to the Golden Temple Mark;

e. An award of Hearthside's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(A);

f. An award of Hearthside's costs; and

g. Such other and further relief at law or equity as this Court may deem proper, just, and equitable under the circumstances.

**As to Count III:**

a. An order pursuant to 28 U.S.C. § 2201 declaring that Hearthside's use of the Yogi Mark pursuant to the terms of the Trademark License Agreement does not constitute trademark infringement; and that Hearthside is entitled to continue such use in accordance with the terms of the Trademark License Agreement;

b. An order pursuant to 28 U.S.C. § 2201 declaring that Defendant has no ownership rights in the Yogi Mark;

PAGE 6 - COMPLAINT FOR DECLARATION OF TRADEMARK NON-INFRINGEMENT

  c. An injunction pursuant to 15 U.S.C. § 1116 prohibiting Defendant from holding themselves out as having ownership rights to the Yogi Mark;

  d. An award of Hearthside's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(A);

  e. An award of Hearthside's costs; and

  f. Such other and further relief at law or equity as this Court may deem proper, just, and equitable under the circumstances.

**As to Count IV (in the alternative to Count III):**

  a. An order pursuant to 28 U.S.C. § 2201 declaring that, if Hearthside is found to have infringed Defendant's trademark rights with respect to the Yogi Mark, Hearthside's liability is measured by the royalty fee schedule set forth in the 2004 Trademark License Agreement;

  b. An award of Hearthside's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(A);

  c. An award of Hearthside's costs of the suit; and

  d. Such other and further relief at law or equity as this Court may deem proper, just, and equitable under the circumstances.

### JURY DEMAND

Hearthside hereby demands a jury trial for all claims and issues so triable.

DATED: October 13, 2011

LANE POWELL PC

By _____
Kenneth R. Davis II, OSB No. 971132
Parna A. Mehrbani, OSB No. 053235
Telephone: 503.778.2100
Attorneys for Plaintiff Hearthside Food Solutions, LLC

PAGE 7 - COMPLAINT FOR DECLARATION OF TRADEMARK NON-INFRINGEMENT